IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WYATT HOWARD

    Plaintiff,

    v.

GLAXOSMITHKLINE, plc.,
SMITHKLINE BEECHAM CORP.,

    Defendants.

CIV-S-05-1536 DFL GGH

MEMORANDUM OF OPINION
AND ORDER

    Plaintiff Wyatt Howard ("Howard"), a state prisoner, contends that defendants' drug, Paxil, was responsible for his criminal conduct. He brings suit for damages under state tort law. Defendants move for summary judgment arguing that Howard's claims are barred by the statute of limitations. For the reasons stated below, the court GRANTS defendants' motion for summary judgment.

I.

    Howard alleges that, on September 16, 1999, he stabbed Dawn Erickson ("Erickson") and injured himself "while under the influence of Paxil." (Compl. ¶ 7.) Howard was charged with

1

1  attempted murder for stabbing Erickson. (Childers Decl. Ex. 7 at
2  8.) On January 31, 2001, Howard withdrew his plea of not guilty
3  by reason of insanity and pled no contest to the charges against
4  him. (Id.)

5  On March 28, 2001, Howard filed a motion for continuance of
6  judgment and sentencing. (Childers Decl. Ex. 8.) In that
7  motion, Howard requested additional time to investigate the
8  possibility of bringing a motion for withdrawal of his plea.
9  (Id.) In support of the motion, Howard's attorney attached an
10 affidavit stating that he needed additional time to investigate
11 the effect Paxil had on Howard. (Childers Decl. Ex. 2.)

12 On November 13, 2001, Howard sent a letter to the assigned
13 Sacramento Superior Court Judge requesting a modification of his
14 sentence. (Childers Decl. Ex. 4.) Howard stated in the letter
15 that, at the time he attacked Erickson, he was taking
16 "psychotropic medication" which "contributed greatly to [his] out
17 of character behavior." (Id.) On November 19, 2001, the court
18 denied the request. (Id.)

19 On February 9, 2005, Howard filed a petition for writ of
20 error coram nobis to vacate the judgment against him. (Childers
21 Decl. Ex. 5 at 1.) Howard argued that Paxil caused him to be
22 legally insane when he attacked Erickson. (Id. at 3.) On March
23 15, 2005, the assigned Sacramento Superior Court Judge construed
24 Howard's petition as a petition for writ of habeas corpus and
25 denied the claim. (Childers Decl. Ex. 6.)
26 On March 22, 2004, the FDA issued a Public Health Advisory

2

cautioning doctors to monitor patients who take antidepressants for suicidal thoughts and hostility. (Corona Decl. Ex. A.) On August 1, 2005, Howard filed this suit alleging that Paxil caused his attack on Erickson. (Compl. ¶ 8.)

II.

Defendants argue that Howard's claims are barred by the one-year statute of limitations. (Def.'s Mot. at 5.) Under former California Code of Civil Procedure section 340(3)[1], which applied at the time of Howard's alleged injury, personal injury actions must be filed within one year of the accrual of the plaintiff's claim.[2] See Mojica v. 4311 Wilshire, LLC, 131 Cal.App.4th 1069, 1071 (2005). A cause of action accrues at "the time when the cause of action is complete with all of its elements." Nogart v. The Upjohn Co., 21 Cal.4th 383, 398 (1999).

The "discovery rule" provides an exception to the general rule of accrual. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005). That rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. (citations omitted). "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" Id.

---

[1] California Code of Civil Procedure section 335.1 extended the limitations period to two years for claims accruing after January 1, 2003. See Mojica, 131 Cal.App.4th at 1071.

[2] Because Howard's claim arises from a personal injury, the one year statute of limitations also applies to the express warranty cause of action. See Cardoso v. Am. Med. Sys., Inc., 183 Cal.App.3d 994, 1000 (1986).

3

(citation omitted).  Under the discovery rule, "plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation."  Id. at 808.

Defendants argue that, as early as March 28, 2001, Howard suspected that Paxil played a role in his criminal behavior.  (Mot. at 7.)  Defendants cite to three pieces of evidence to support this assertion.  (See id. at 7-9.)

First, defendants note that Howard's former attorney, Jan David Karowsky ("Karowsky"), filed a declaration on March 28, 2001, in which he requested additional time to investigate the connection between Paxil and Howard's violent behavior.  (Id. at 7.)  In that declaration, Karowsky stated, "I am personally aware that there has been at least anecdotal confirmation that increasing a dosage of the drug Paxil may cause individuals to act out of character, in irrational, violent, and uncontrollable ways."  (Childers Decl. Ex. 2.)

Second, defendants note that, on November 12, 2001, Howard sent a letter to the assigned Superior Court Judge requesting a reduction in his sentence and suggesting that Paxil affected his behavior.  (Mot. at 8.)  In that letter, Howard stated the following:

> [a]t the time of the incident, I was under a doctor's care for depression and was taking psychotropic medications.  I made a terrible mistake by consuming alcohol during this time.  Your Honor, I'm not making excuses or minimizing my actions, but the effect of

4

1     what was in my system contributed greatly to this out
2     of character behavior.

3 (Childers Decl. Ex. 4.)

Finally, defendants point to the state court's denial of Howard's petition for a writ of habeas corpus. (Mot. at 8.) In that petition, Howard attached a number of articles written in 2004 which suggested that taking Paxil could lead to violence or suicide. (Childers Decl. Ex. 6 at 1.) In finding that the petition was untimely, the court noted that the authors of those articles stated that studies have suggested a link between antidepressants and violent behavior since 1994. (Id. at 3.) Therefore, the court found that the articles cited by Howard did not provide newly discovered evidence. (Id.)

In response, Howard acknowledges that: (1) Karowsky suspected that Paxil may have affected Howard's actions; and (2) he suspected that Paxil "contributed to his out of character behavior." (Opp'n at 3.) However, Howard claims that he and Karwosky did not suspect that Paxil was a "direct cause" of his violent behavior. (Id.)

The claimed distinction between a "direct" and an "indirect" cause is not one that the law recognizes in this context. The discovery rule only delays accrual of the cause of action until the plaintiff "suspects . . . that someone has done something wrong" to him, not until he suspects the "direct cause" of his injuries. Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110 (1988). Because it is undisputed that by November 13, 2001, Howard

5

suspected that Paxil contributed to his violent behavior, Howard had until November 13, 2002 to file a claim against defendants. He did not file this complaint until August 1, 2005.  Therefore, the complaint is barred by the statute of limitations.

## III.

For the reasons stated above, the court GRANTS defendants' motion for summary judgment.  The clerk shall enter judgment.

IT IS SO ORDERED.

Dated: 12/14/2005

_____
DAVID F. LEVI
United States District Judge